IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00202–EWN–MJW

MARVIN L. TEMPLE,

    Applicant,

v.

GARY WATKINS and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

    Applicant Marvin Temple pled guilty in the Adams County, Colorado, District Court to a charge of sexual assault on a child, a class four felony under Colorado law. *See* COLO. STAT. ANN. §§ 18–3–405(1), (2) (1989). Although the presumptive range of penalties for a class four felony was two to eight years of imprisonment, *id.* § 18–1.3–401(a)(IV), Applicant was sentenced to a fourteen-year term. The basis for the enhancement was a Colorado statute permitting a sentencing court to sentence outside the presumptive range if the court concludes:

> that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18-1-102.5. If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be

> greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

*Id.* § 18–1.3–401(6). The trial court found aggravating circumstances consisting of "the young age at which this started and the ongoing and deliberate nature in which it was continued and the threats to the minor child during the time that it was occurring."

Applicant appealed his sentence, arguing, *inter alia*, that the finding of aggravating facts by the sentencing judge violated his sixth amendment right to a trial by jury. He relied on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Interpreting the Sixth Amendment to the United States Constitution, *Apprendi* had held:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the *prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt.

530 U.S. at 490 (emphasis supplied).

The Colorado Court of Appeals, in an unpublished disposition preserved as Appendix D to Respondents' answer, followed its prior decision in *People v. Allen*, 43 P.3d 689 (Colo. Ct. App. 2001) and rejected Applicant's argument. It reasoned that Applicant's enhanced sentence did not violate the rule of *Apprendi* because the term "prescribed statutory maximum," which operates as a ceiling on sentences based on judge-found facts under *Apprendi*, was not the high end of the "presumptive range," as argued by Applicant, but the maximum aggravated range (twice the presumptive range, or sixteen years) which the sentencing court could impose based on aggravating factors or circumstances particularized to the defendant or the offense. The Colorado Supreme Court refused to review the case.

Applicant thereafter timely applied for a writ of habeas corpus from this court, asserting two claims in support of the application. First, he re-asserted his *Apprendi* claim. Second, he claimed that the sentencing court abused its discretion in finding that the circumstances of the case warranted an aggravated sentence. Pursuant to 28 U.S.C.A. § 636(b)(1) (West 2007), the court asked the assigned magistrate judge for a recommendation concerning disposition of the case. The matter is now before the court on the "Recommendation of United States Magistrate Judge" (# 13). The recommendation is that the application be denied and the case dismissed. With respect to the *Apprendi* claim, the magistrate judge suggests that the state court of appeals conclusion was "neither contrary to nor an unreasonable application of clearly established federal law."

Applicant has objected to the recommendation. He vigorously re-asserts his *Apprendi* argument which is the basis for his first claim. Nowhere in his objections, however, does he question the magistrate judge's recommendation that his second claim be dismissed. The court must make a "de novo determination of those portions of the [recommendation] . . . *to which objection is made*." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b) (emphasis added). The court will therefore not further consider the second claim, and the magistrate judge's proposed disposition will be accepted without objection.

This court's review of the state court of appeals' decision is limited by federal statute:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim —

> (1) *resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States*; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (emphasis supplied). The United States Supreme Court has interpreted these provisions as follows:

> [Section] 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. [Citation omitted.] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. [Citation omitted.] The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. [Citation omitted.] The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one, [*citing Williams v. Taylor*, 529 U.S. 362, 409-410 (2000)] (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 694 (2002).

The Colorado Court of Appeals in this case recognized and discussed the *Apprendi* rule. Indeed, it applied the rule by expressly recognizing *Apprendi's* holding: "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Colorado court was required, rather, to decide what *Apprendi* meant by the term "prescribed statutory maximum" and to apply that interpretation to

Colorado's statutory sentencing scheme. The court's interpretation of a term left undefined by *Apprendi* was not objectively unreasonable either as a matter of linguistics or as a matter of history, in light of the Supreme Court's precedents. The Colorado court's holding is thus not contrary to Supreme Court precedent, nor is it an unreasonable interpretation of that precedent.

One month after the magistrate judge filed his recommendation, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Court clarified what it meant by the term "prescribed statutory maximum," holding:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment" [citation omitted], and the judge exceeds his proper authority.

542 U.S. at 303–04 (emphasis in original).

In this court's view, *Blakely* is irreconcilable with the decision of the Colorado Court of Appeals in this case, and Applicant has filed supplemental papers emphasizing this inconsistency. Unfortunately for Applicant, the Tenth Circuit has held that *Blakely* does not apply retroactively to convictions which became final before it was decided. *United States v. Price*, 400 F.2d 844, 849 (10th Cir. 2005). The decision of the Colorado Court of Appeals in this case, while erroneous under *Blakely*, remains an objectively reasonable application interpretation of *Apprendi*. Thus, it must be

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2.      The application is DISMISSED with prejudice.

DATED this 8th day of February, 2007.

                                                BY THE COURT:

                                                s/ Edward W. Nottingham
                                                EDWARD W. NOTTINGHAM
                                                United States District Judge